**FILED**

**AUG 2 3 2011**

~~CLERK~~

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR. 10-40089 |
| Plaintiff, | * | |
| vs. | * | REPORT and RECOMMENDATION |
| RANDLE LEE DUGGER, II, | * | ( Motion to Dismiss, Doc. 20) |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Pending is Defendant's Motion to Dismiss the Indictment (Doc.20).  Because Defendant's argument is purely a legal issue, the motion has been decided on the briefs.    Based on a careful consideration counsel's written arguments, the Court respectfully makes the following:

## RECOMMENDATION

It is respectfully recommended that Defendant's Motion to Dismiss be **DENIED.**

## JURISDICTION

Defendant is charged in an Indictment with failure to register as a sex offender in violation of 18 U.S.C. § 2250(a).  The pending Motion to Dismiss was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Judge Schreier's Standing Order dated March 18, 2010.

## FACTUAL BACKGROUND[1]

Dugger was indicted on August 3, 2010 for failure to register as a sex offender in the District of South Dakota between April 10, 2007 and the date of the indictment.  The Sex Offender Registration Act (SORNA) makes it a crime for persons required to register under the act to knowingly fail to do so.  Dugger asserts the Indictment should be dismissed because SORNA did not require him  to register in South Dakota during the relevant time frame, so venue is improper in the District of South Dakota.

Dugger was convicted of a sex offense in California in 1988.  California law requires him to register for life as a sex offender.  SORNA[2] also requires Dugger to register for life as a sex

---

[1]No evidentiary hearing was held.  The facts have been gleaned from the parties' briefs.

[2]*See* 42 U.S.C. § 16901 et. seq.

offender under federal law.   Upon release from prison, Dugger registered as a sex offender in California.  Thereafter, he re-registered several times.  When Dugger moved to Sioux Falls, South Dakota in February, 2005, he registered here.

Dugger twice (in June, 2005 and September, 2005) failed to respond to address verification forms sent to him by the South Dakota Division of Criminal Investigation.  He re-registered in Groton, South Dakota after he was arrested there for DUI in October, 2005.  He updated his address in Groton in June, 2006.  He regularly registered through September, 2006,[3] but thereafter ceased registering.  Address verification forms sent to Dugger on April 20, 2007 and April 16, 2008 were returned and on December 11, 2008, a Groton police officer advised the State of South Dakota Dugger had been absent for "a long time." Dugger was subsequently arrested in Arkansas.[4]

## ANALYSIS

Dugger asserts that keeping his sex offender registration current does not require notification of his *former* jurisdiction, only his *present* one.   He asserts nothing in either 18 U.S.C. § 2250 or 42 U.S.C. § 16913  requires notification to the jurisdiction the sex offender leaves, (the "departure state") so venue of this criminal proceeding is improper in South Dakota.  "It would seem to follow further that federal jurisdiction created by interstate travel would be limited to destination state venue, since no federal crime would have been committed in the departure state, and the federal government must prosecute an offense in the district where the offense was committed." Defendant's Brief, Doc. 21, p. 5.

Dugger is charged with violating 18 U.S.C. § 2250(a).  That statute provides:

§2250. Failure to Register
(a) In general. Whoever-
(1) Is required to register under the Sex Offender Registration and Notification Act;
(2)(A) is a sex offender as defined for purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law (including the Uniform Code of Military Justice), the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States; or
(B) travels in interstate or foreign commerce or enters or leaves, or resides

---

[3]On the final address verification form, completed in September, 2006, Dugger indicated he only intended to stay at his current address two more weeks.

[4]The Government asserts Dugger never registered in Arkansas (or anywhere else) after he left South Dakota.

in Indian country; and

(3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act;

shall be fined under this title or imprisoned not more than 10 years, or both.

The Sex Offender Registration and Notification Act (SORNA) provides in part:

**42 U.S.C. § 16913 Registry requirements for sex offenders**
(a) In general. A sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student. For initial registration only, a sex offender shall also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence.

(b) Initial registration. The sex offender shall initially register–
(1) before completing a sentence of imprisonment with respect to the offense giving rise to the registration requirement; or
(2) not later than 3 business days after being sentenced for that offense, if the sex offender is not sentenced to a term of imprisonment.

(c) Keeping the registration current. A sex offender shall, not later than 3 business days afer each change of name, residence, employment, or student status, appear in person in at least 1 jurisdiction involved pursuant to subsection (a) and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry. That jurisdiction shall immediately provide that information to all other jurisdictions in which the offender is required to register.

The Eighth Circuit has directly addressed whether venue is appropriate in the "departure" state when a sex offender moves from one state to another and fails to update his sex offender registry information. In *United States v. Howell*, 552 F.3d 709 (8th Cir. 2009), the sex offender registered in the Northern District of Iowa but later moved to Texas where he failed to register. He also failed to notify Iowa that he had moved. *Id.* at 718. The Eighth Circuit rejected the offender's argument that venue was improper in Iowa, the departure state. The *Howell* defendant made the same argument that Dugger makes here: the violation of § 2250 was perpetrated only after travel to the destination state occurred combined with failure to register within three days.

The Eighth Circuit articulated the following rationale for upholding the Northern District of Iowa as the proper venue:

A defendant has a right under Article III, §2 of the United States Constitution and the Sixth Amendment to be tried for a crime in the state and district where the crime occurred. *See also* Fed. R. Crim. P. 18 ("Unless a statute or these rules permit otherwise, the government must prosecute an offense in the district where the offense was committed."). A sex offender violates SORNA only when he or she moves between states. Thus, a SORNA violation involves two different jurisdictions.

When crimes involve more than one jurisdiction, 18 U.S.C. § 3237 states,

> (a) Except as otherwise expressly provided by enactment of congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed.
>
> Any offense involving . . . transportation in interstate or foreign commerce . . is a continuing offense and, except otherwise expressly provided by enactment of congress, may be inquired of and prosecuted in any district from, through, or into which such commerce . . . or person moves.

In Howell's situation, the Northern District of Iowa is a proper venue because Howell's SORNA violation commenced in the Northern District of Iowa. Howell registered in the Northern District of Iowa after he was released from jail, and he traveled from the Northern District of Iowa when he moved his residence to Texas. Further, Howell failed to notify the Texas sex offender registry of his change in residence, but he also failed, as required by law, to notify the Iowa sex offender registry of his move.[5] Thus, Howell's failure to register his move and inform Iowa of his new Texas residence was a material part of the § 2250 violation, and venue is proper in the Northern District of Iowa.

*United States v. Howell*, 552 F.3d at 718. [6]

Dugger asserts the persuasive value of *Howell* is undermined by *Carr v. United States*, 130 S.Ct. 2229, 176 L.Ed.2d 1152 (2010). The issue in *Carr*, however, was whether SORNA could be applied to sex offenders whose interstate travel occurred before SORNA's effective date. *Id.*, 130 S.Ct. at 2236. The Supreme Court held that "preenactment travel falls outside the statute's compass." The case did not address whether departure or destination states would be appropriate venue for prosecution of SORNA violation cases.

Dugger cites *United States v. Miller*, 2011 WL 711090 (S.D. Ohio). The *Miller* Court respectfully disagreed with *Howell* and the other cases which have held that when a sex offender

---

[5]While 42 U.S.C. § 16913 does not explicitly require notification to the departure state, subsection(a) requires the sex offender to keep the registration "current" in each jurisdiction where the offender resides. The Court notes part of South Dakota's sex offender registry law (SDCL 22-24B-12) which requires notice when the sex offender departs an address:
**Written notice of new address required–time limit forwarding information–Violation**
Any person required to register pursuant to §22-24B-1 to 22-24B-14, inclusive, who moves to a different residence address shall inform the law enforcement agency with whom the person last registered of the new address, in writing, within five days. The law enforcement agency shall, within three days of receipt, forward the information to the Division of Criminal Investigation and to the law enforcement agency having jurisdiction of the new residence. A failure to register pursuant to this section is a Class 6 felony.

[6]*See also United States v. Leach*, 639 F.3d 769 (7th Cir. 2011).

fails to update his or her registration information following a move to another state, prosecution is proper under §3237(a) either in the state where the sex offender used to live "i.e. where the crime began, or in the state where the sex offender established a new residence but failed to register, i.e. where the crime was completed." *Miller*, *id.* at * 5.

The Southern District Court of Ohio is free to respectfully disagree with Eighth Circuit precedent, but the District Court for the District of South Dakota is not. *Hood v. United States*, 342 F.3d 861, 864 (8th Cir. 2003) (district courts in the Eighth Circuit are bound to apply Eighth Circuit precedent). Until or unless *Howell* is overruled it is the law of this Circuit. According to *Howell*, Dugger's SORNA violation commenced in South Dakota, so venue is appropriate in South Dakota.

## CONCLUSION and RECOMMENDATION

For the reasons more fully explained above, it is respectfully RECOMMENDED to the District Court that Defendant's Motion to Dismiss (Doc. 20) be DENIED.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court

*Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990)
*Nash v. Black*, 781 F.2d 665 (8th Cir. 1986)

Dated this 23 day of August, 2011.

BY THE COURT:

John E. Simko
United States Magistrate Judge

ATTEST:

JOSEPH HAAS, Clerk

By _____, Deputy