**FILED**

**AUG 23 2011**

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR. 10-40089 |
| Plaintiff, | * | |
| vs. | * | ORDER |
| RANDLE LEE DUGGER, II, | * | (Motion for Bill of Particulars and for leave to file untimely, Doc. 18) |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Pending is Defendant's Motion for Bill of Particulars and leave to file the motion untimely(Doc. 18). The Government resists (Doc.24). The motion to file untimely is GRANTED. For the reasons explained below, however, the balance of the motion is DENIED.

## BACKGROUND

Defendant is charged in an Indictment with failure to register as a sex offender in violation of 18 U.S.C. § 2250(a). He moves for a bill of particulars, requesting five categories of information regarding the time frame (April 10, 2007 through August 3, 2010) alleged in the Indictment. The Indictment alleges:

> between on or about the 10th day of April, 2007, and continuing through the date of the Indictment, in the District of South Dakota, the Defendant, Randle Lee Dugger, II, a person required to register under the Sex Offender Registration and Notification Act, and a sex offender by reason of a conviction under state law, and having traveled in interstate commerce, did knowingly fail to register and update a registration, in violation of 18 U.S.C. § 2250(a).

## DISCUSSION

Under Rule 7(f) of the Federal Rules of Criminal Procedure, it is within the sound discretion of the Court to determine whether a Bill of Particulars should be provided, and the Court should grant the motion if necessary to prevent unfair surprise at trial.[1] The Court must strike a "prudent balance" between the legitimate interest of the government and the Defendant.[2] A Bill of Particulars

---

[1] *United States v. Maull*, 806 F.2d 1340, 1345 (8th Cir. 1986). *See also, United States v. Butler*, 822 F.2d 1191, 1193-94 (D.C.Cir.1987).

[2] *United States v. MacFarlane*, 759 F.Supp. 1163, 1169 (W.D.Pa.1991).

is not a discovery tool or a device for allowing the defense to preview the Government's theories or evidence.[3] A Bill of Particulars properly includes clarification of the Indictment, not the Government's proof of its case.[4] Likewise, acquisition of evidentiary detail in the form of the exact times of the acts alleged in the Indictment for purposes of establishing an alibi is not the function of a bill of particulars.[5]

The Indictment in this case contains the elements of the offenses charged, fairly informs the Defendant of the charges against him, and enables him to plead an acquittal or conviction in bar to further prosecution of the same offense.[6] The Government has represented to the Court it has provided "extensive discovery which will inform the defendant of the specific details of the crime alleged in the indictment." Government's Brief, Doc. 24, at p. 2. The Defendant's Motion for a Bill of Particulars (Doc. 18) is DENIED.

Dated this 23 day of August, 2011.

BY THE COURT:

John E. Simko
United States Magistrate Judge

ATTEST:
JOSEPH HAAS, Clerk
By _____, Deputy
(SEAL)

---

[3] *United States v. Hester*, 917 F.2d 1083, 1084 (8th Cir. 1990).

[4] *United States v. Smith*, 341 F.Supp. 687, 690 (N.D.Ga.1972).

[5] *United States v. Long*, 449 F.2d 288, 294-95 (8th Cir. 1971).

[6] *Hamling v. United States*, 418 U.S. 87, 117 (1974); *United States v. Fleming*, 8 F.3d 1264, 1265 (8th Cir. 1993).