

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | \* | CR 10-40089 |
| Plaintiff, | \* | |
| vs. | \* | ORDER RE: REPORT AND RECOMMENDATION ON MOTION TO DISMISS |
| RANDLE LEE DUGGER, II, | \* | |
| Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant, Randle Lee Dugger, II, objected to the Magistrate's Report and Recommendation (Doc. 28) recommending that this Court deny Defendant's Motion to Dismiss Indictment for Improper Venue (Doc. 20) and requested an evidentiary hearing with an opportunity for oral argument. Doc. 32. A hearing was held on September 22, 2011. The Court heard argument, but neither party presented evidence. After reviewing the Motion to Dismiss Indictment de novo, the Court adopts the Report and Recommendation and denies the Motion to Dismiss.

## DISCUSSION

Dugger was convicted in 1988 in California of oral copulation with a minor. California law requires him to register for life as a sex offender. The Sex Offender Registration and Notification Act (SORNA), 42 U.S.C. § 16901-16991, also requires Dugger to register for life as a sex offender. 42 U.S.C. § 16913 provides in relevant part:

> (a) In general
> A sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student. For initial registration purposes only, a sex offender shall also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence.
>
> (b) Initial registration
> The sex offender shall initially register--
> (1) before completing a sentence of imprisonment with respect

>       to the offense giving rise to the registration requirement; or
>
>       (2) not later than 3 business days after being sentenced for that offense, if the sex offender is not sentenced to a term of imprisonment.
>
> (c) Keeping the registration current
> A sex offender shall, not later than 3 business days after each change of name, residence, employment, or student status, *appear in person in at least 1 jurisdiction involved pursuant to subsection (a) of this section and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry.* That jurisdiction shall immediately provide that information to all other jurisdictions in which the offender is required to register.
>
> . . . .

(Emphasis added).

On August 3, 2010, Dugger was indicted in South Dakota for failure to register as a sex offender under SORNA, in violation of 18 U.S.C. § 2250(a). The Indictment alleges that between April 10, 2007, and August 3, 2010, in the District of South Dakota, Dugger, a person required to register under SORNA, and a sex offender by state law, traveled in interstate commerce and knowingly failed to register and update his registration.

South Dakota's sex offender registration law states that a person required to register "who moves to a different location or residence address shall inform the law enforcement agency with whom the person last registered of the new location or address, in writing, within three business days."S.D.C.L. § 22-24B-12. An attachment to Dugger's memorandum in support of his motion to dismiss contains a South Dakota Sex Offender Registration form dated September 18, 2006, which sets forth an address change within Groton, South Dakota. Dugger states in his memorandum[1] that South Dakota sent two requests for address verification to Dugger, the postmark on the first being illegible, and the postmark on the second setting forth the date of April 16, 2008. The memorandum further states that in December of 2008, a Groton police officer confirmed that Dugger had been gone from Groton, South Dakota, a long time. Doc. 21.

---

[1] There has never been an evidentiary hearing on this matter, and the facts set forth in this memorandum are taken from the briefs and documents on file.

2

18 U.S.C. § 2250(a) is violated when any person who (1) "is required to register under [SORNA]," (2) "travels in interstate or foreign commerce," and (3) "knowingly fails to register or update a registration." Dugger relies upon *Carr v. United States*, for the proposition that the statute's three elements must "be satisfied in sequence, culminating in a post-SORNA failure to register." 130 S.Ct. 2229, 2235 (2010) (quoting Brief for United States). Dugger argues that although SORNA requires registrations to be kept current, on its face, SORNA does not require offenders to register in jurisdictions where they formerly resided, were employed, or went to school, unless, after a change in residence, employment or student status, the jurisdiction remains the same. Dugger further argues that federal jurisdiction created by interstate travel would be limited to the destination state venue, since no federal crime would have been committed in the departure state, and the federal "government must prosecute an offense in the district where the offense was committed," pursuant to Federal Rule of Criminal Procedure 18.[2]

Dugger concedes that the Eighth Circuit Court of Appeals' holding in *United States. v. Howell*, 552 F.3d 709, 717-718 (8th Cir.), *cert. denied*, 129 S.Ct. 2812 (2009), is inconsistent with his position on venue. In *Howell*, the Eighth Circuit held that the Northern District of Iowa was the proper venue for the defendant's prosecution for failing to register as a sex offender in violation of SORNA, where the defendant failed to notify the Iowa sex offender registry of his move from Iowa to Texas. In reaching this holding the panel of the Eighth Circuit in *Howell* reasoned that a SORNA violation involves two different jurisdictions, and that when crimes involve more than one jurisdiction, 18 U.S.C. § 3237 applies. This statute provides that "any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." The panel in *Howell* characterized the violation of 18 U.S.C. § 2250(a) as a continuing offense. The Court in *Howell* then

---

[2]The full text of FED. R. CRIM. P. 18 provides: "Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed. The court must set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice."

reasoned that in the defendant's situation, the Northern District of Iowa was a proper venue because the defendant's SORNA violation commenced in the Northern District of Iowa. Since the defendant registered in the Northern District of Iowa after he was released from jail, and then moved his residence to Texas, but failed to notify the Texas sex offender registry of his change in residence, "but also failed, as required by law, to notify the Iowa sex offender registry of his move," the Eighth Circuit held that the defendant's failure to register his move and inform Iowa of his new Texas residence was a material part of the 18 U.S.C. § 2250 violation. 552 F.3d at 718. For these reasons the Eighth Circuit in *Howell* determined that venue was proper in the Northern District of Iowa.

Dugger argues that the *Howell* holding is not consistent with the explicit language in 42 U.S.C. § 16913(c) that requires only that a sex offender "appear in person in at least 1 jurisdiction involved pursuant to subsection (a) of this section and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry." Dugger also contends that the holding in *Howell* has been compromised by the subsequent Supreme Court case of *Carr v. United States*, 130 S.Ct. 2229 (2010). The Supreme Court held in *Carr* that the SORNA provision imposing criminal liability for failure to adhere to registration requirements does not apply to sex offenders whose interstate travel occurred before the effective date of SORNA. The Supreme Court reasoned that the statutory sequence of SORNA begins when a person becomes subject to SORNA's registration requirements, and that a person must then travel in interstate commerce and thereafter fail to register to be liable under 18 U.S.C. § 2250. The holding in *Carr* does not control the venue issue presented in the case at hand and in *United States v. Howell*, 552 F.3d 709 (8th Cir. 2009).

After the Supreme Court handed down its decision in *Carr*, the Eighth Circuit issued a decision in *United States v. Pietrantonio*, 637 F.3d 865 (8th Cir. 2011), a SORNA case which addressed venue and whether an indictment was duplicitous. The *Pietrantonio* case involved a fact pattern in which the defendant initially registered in, then moved from Minnesota to Nevada., falsified information in his registration in Nevada, then traveled to Massachusetts, but did not register in Massachusetts. The Eighth Circuit stated that venue in Minnesota would have been proper for the first alleged violation concerning the defendant's move from Minnesota to Nevada, which violation would have ended with the defendant's registration in Nevada. The Eighth Circuit, however, held that Minnesota was not the proper venue for the second alleged violation concerning the move from Nevada to Massachusetts,

4

because Minnesota had no connection to that alleged violation. 637 F.3d at 871-872. The Eighth Circuit in *Pietrantonio* acknowledged *Carr v. United States*, 130 S.Ct. 2229 (2010), and the explicit language of 42 U.S.C. § 1693, but reasserted the holding in *Howell* that venue in a SORNA case lies in both the state that the defendant had registered in and moved from, as well as the state the defendant moved to. *Pietrantonio*, 637 F.3d at 872 n.2.

This Court is bound to apply the precedent of the Eighth Circuit Court of Appeals. *Hood v. United States*, 342 F.3d 861 (8th Cir. 2003). For all the reasons stated in this memorandum opinion,

> **IT IS ORDERED** that the Magistrate's Report and Recommendation (Doc. 28) recommending that this Court deny Defendant's Motion to Dismiss Indictment for Improper Venue is adopted and the Motion to Dismiss Indictment for Improper Venue (Doc. 20) is denied.

Dated this 28th day of September, 2011.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

By _Summer Wahfed_
Deputy

5